UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

November 4, 2011

TO: Counsel

RE: <u>Lena Thomas-King v. Summers, Inc., et al.</u>
Civil Action No. CBD-10-399

Dear Counsel:

This case is scheduled for a three-day jury trial beginning at **9:00 a.m. on Tuesday, March 6, 2012** in a courtroom to be assigned. On or before **February 2, 2012**, counsel are instructed to provide a joint statement of facts (no more than one short paragraph) for use as an introduction to voir dire, a Pretrial Order and a copy of all exhibits in an exhibit binder for the bench. The documents in the exhibit binder should be pre-marked and with an index. The Court prefers to use the standard jury instructions found in the latest edition of the <u>Federal Jury Practice and Instructions</u> series, where appropriate. Attached you will find the standard jury instructions that I will be using, and it is not necessary to include these instructions in your submission.

Motions in limine are to be filed on or before **January 16, 2012.** Opposition to motions in limine are to be filed on or before **February 2, 2012.** Similarly, the deadline for raising a <u>Daubert</u> challenge to the admissibility of expert evidence is **January 16, 2012**, a worksheet is attached for your use. Opposition to said challenges are to be filed on or before, **February 2, 2012.**

The pretrial conference has been scheduled for **9:30 a.m. on Thursday, February 9, 2012** in my chambers. Counsel shall bring all original exhibits to the conference. Following the conference, the parties shall prepare an official exhibit binder to be given to the courtroom deputy on the first day of trial. At least one of the attorneys from each party participating in the conference shall have the authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed, including the admissibility of trial exhibits. The Court intends to rule upon the admissibility of trial exhibits at the pretrial conference. Counsel are ordered to inspect and exchange all trial exhibits no later than **February 2, 2012**. Counsel are also instructed to comply with Local Rule 106 regarding pretrial procedures.

      Despite the informal nature of this letter, it is nonetheless an order of the Court and the Clerk is directed to docket it as such.

                                      Sincerely yours,

                                              /s/

                                      Charles B. Day
                                      United States Magistrate Judge

Attachments

# Daubert/Kumho Worksheet

1. Name of Expert Challenged.

2. Brief summary of opinion(s) challenged (if more than one, designate separately), including reference to the source of the opinion (i.e., Rule 26(a)(2)(B) disclosure, deposition transcript references, interrogatory answers). Attach highlighted copy of source materials as exhibit.

3. Briefly describe methodology/reasoning used by expert to reach each opinion which is challenged. Include reference to source of challenged methodology/reasoning, and attach a highlighted copy as an exhibit.

4. Briefly describe the basis for the challenge to the reasoning/methodology used by the expert (for example, methodology unreliable; methodology reliable, but not valid for application to this case; failure to use standardized or accepted methodology (for example, with a standardized test); etc.) Attach a highlighted copy of affidavit or other source material supporting challenge to methodology/reasoning as an exhibit.

5. Is the challenged methodology/reasoning subject to a known or potential error rate? If so, briefly describe it, and attach a highlighted copy of any relevant source material as an exhibit.

6. Summarize relevant peer review materials relating to methodology/reasoning challenged, and attach a highlighted copy of any relevant source material as an exhibit.

7. If the challenge to the opinion is based upon a contention that the methodology/reasoning has not been generally accepted within the relevant scientific or technical community, briefly explain the basis for this contention. Attach highlighted copy of any relevant supporting materials as an exhibit.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts, You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All questions of law must be decided by the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

## REPRIMAND OF COUNSEL

During the course of the trial, I may have admonished an attorney. You should draw no inference against the attorney or the client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line

of argument or questioning, to strike offending remarks and to correct counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

## IMPROPER CONSIDERATION: RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

## BURDEN OF PROOF--PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against him or her on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim

has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## "INFERENCES" DEFINED

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose--such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements or what they may say in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## **INTERROGATORIES**

You may have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial, and each side is entitled to seek answers to interrogatories from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

## **DEPOSITIONS**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or a party under oath before a court stenographer prior to trial. Each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit such as a copy of a contract where the fact to be proved is that the parties had a contract.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. Here is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**STIPULATION OF FACTS**

## STIPULATION OF FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

## BURDEN OF PROOF

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## **EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and what evidence appeal to your minds as being most accurate and otherwise trustworthy.

## USE OF NOTES

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## RETURN OF VERDICT

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### **CONCLUSION--UNANIMOUS VERDICT**

In order to reach a verdict in this case, each of you must agree upon it. Your verdict must be unanimous.